UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MICHAEL HEYWARD,

                Plaintiff,

-v-                                          No. 21-CV-9376-LTS

CITY OF NEW YORK,

                Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

        Michael Heyward ("Plaintiff" or "Mr. Heyward") brings this pro se action against the City of New York (the "City" or "Defendant"), alleging that Defendant violated his constitutional rights by imposing "mandates" preventing City residents who did not receive the COVID-19 vaccination from entering "certain buildings" and "establishments" and from participating in other activities in New York City. (Docket entry no. 2 ("Compl."), Facts ¶¶ 4-5.) Defendant moves for dismissal of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket entry no. 24.) Plaintiff invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. section 1331. The Court has reviewed the parties' submissions[1] thoroughly and, for the following reasons, Defendant's motion to dismiss is granted in its entirety. Plaintiff will, however, be granted an opportunity to file an amended complaint within 45 days from the date of this Memorandum Order.

---

[1]     Plaintiff submitted two letters setting forth his position (see docket entry nos. 20, 30), in addition to his opposition to Defendant's motion to dismiss. The Court has also reviewed those letters in connection with its evaluation of the instant motion, in the spirit of liberally construing pro se submissions. See e.g., Lucas v. Commissioner of OMH, No. 21-CV-8484-LTS, 2021 WL 6066092, at *1 (S.D.N.Y. Nov. 16, 2021) (explaining Court's obligation to "construe pro se pleadings liberally").

BACKGROUND

Plaintiff is an unvaccinated resident of New York City. (Compl., Facts ¶ 1.) In this action, Plaintiff challenges the "mandates" put in place by the City of New York, "barring unvaccinated residents from certain buildings, establishments and activities." (Id., Facts ¶¶ 4-5.) Plaintiff claims to be injured by the "mandates" because they unduly restrict his "movement in, and participation with, New York City." (Compl., Injuries.) He seeks (1) exclusion from the City's "vaccination mandates," (2) a "free pass" to "travel within and without every building and establishment" and "participate in any activity" he so chooses, and (3) that "natural immunity . . . be recognized as a 'superior' alternative to vaccinations" for COVID-19. (Id., Relief.)

The City submits, and Plaintiff concedes, that Plaintiff's lawsuit amounts to a challenge to the Key to NYC program, which was first published as part of Mayor de Blasio's Emergency Executive Order ("EEO") No. 225 on August 16, 2021. (Docket entry no. 25 ("Def. Mem.") at 4; docket entry no. 27 ("Pl. Opp.") at 5; docket entry no. 20 at 1.) The Key to NYC program specified that certain entities "shall not permit a patron . . . to enter a covered premises without displaying proof of vaccination and identification bearing the same identifying information as the proof of vaccination." de Blasio EEO No. 225, available at: https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2021/eeo-225.pdf (last (visited Jan. 9, 2023). The purposes of the program were to "protect the public health, promote public safety, and save the lives of not just those vaccinated individuals but the public at large[,]" as well as to "incentivize vaccinations" by "mandating vaccinations at the types of establishments that residents frequent . . . ." Id.

After numerous extensions of the Key to NYC program, on March 4, 2022, Mayor Adams issued EEO No. 50, directing that the Key to NYC program would expire on March 7, 2022. Adams EEO No. 50, available at:

https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2022/eeo-50.pdf (last visited Jan. 9, 2023).  To support his decision, Mayor Adams reasoned that, as of March 1, 2022, "96 percent of New York City adult residents and 86 percent of residents of all ages have received at least one dose of a COVID-19 vaccine[,]" and the "incidence of COVID-19 in the City of New York" has been "significantly reduced[.]"  Id.  The executive order explained that "[t]he expiration of the Key to NYC program does not prevent any entity from requiring proof of vaccination from a patron, nor does it prevent any entity from establishing another COVID-19 prevention measure . . . ."  Id.

Defendant moves to dismiss Plaintiff's Complaint, arguing that Plaintiff's claims are moot because the provisions of the Key to NYC program applicable to patrons expired on March 7, 2022.  Defendant further argues that, even if Plaintiff's claims are not moot, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## DISCUSSION

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'"  Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 160 (2016) (quoting U.S. Const., Art. III, § 2)).  "[A]n actual controversy must be extant at all stages of review" of a case, and "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit" during the litigation, "the action can no longer proceed and must be dismissed as moot."  Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71-72 (2013) (internal quotation marks and citations omitted).

Because the Key to NYC program expired on March 7, 2022, Plaintiff's claims challenging that program are now moot.  The Court can no longer grant the relief that Plaintiff seeks – to be exempted from the rules applying to patrons under the Key to NYC program –

because those rules are no longer in effect. (See Pl. Opp. at 5, 7-8 (describing that he "deserves the 'Key to the City'" and wishes to go "bowling[,]" or "to the movies" whenever he so chooses); see also Clementine Co. LLC v. Adams, No. 21-CV-7779, 2022 WL 4096162, at *2 (S.D.N.Y. Sept. 7, 2022), appeal filed 2022 WL 4096162 (Oct. 13, 2022) ("A case becomes moot . . . when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party.") (internal quotation marks and citation omitted). Indeed, several courts in this Circuit have similarly dismissed lawsuits challenging the Key to NYC's mandate, as applied to patrons, as moot. See id. at *2-3 (dismissing challenge to Key to NYC because "Plaintiffs can no longer receive effectual relief from this Court because they have already received the relief sought – they need no longer check the vaccination status of individuals who purchase tickets to indoor, live performances at the venues they own"); Remauro v. Adams, No. 21-CV-4553-ARR-TAM, 2022 WL 1525482, at *3 (E.D.N.Y. May 13, 2022) ("Because the patron-specific rule [of the Key to NYC program] has expired, the claims plaintiffs bring in their capacity as patrons are moot."); Commey v. Adams, No. 22-CV-0018-RA, 2022 WL 3286548, at *2 (S.D.N.Y. Aug. 11, 2022) (dismissing Plaintiff's challenges to Key to NYC as moot because the program "expired on March 7, 2022" and "has not since been renewed"); see also Dark Storm Indus. LLC v. Hochul, No. 20-CV-2725, 2021 WL 4538640 (2d Cir. Oct. 5, 2021) (dismissing case as moot where plaintiffs challenged COVID-19 executive orders that were rescinded).

    In his opposition, Plaintiff raises several arguments as to why his claims are not moot, none of which is availing. First, Plaintiff argues that "[m]any establishments, in this city, still have in effect . . . the 'vaccination card program', that was . . . enforced by the Defendant[.]" (Pl. Opp. at 2.) An individual establishment's decision to continue checking the vaccination status of its patrons is, however, that establishment's own voluntary decision, and no longer reflects an obligation imposed pursuant to city mandate. Adams EEO No. 50, available at:

https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2022/eeo-50.pdf (last visited Jan. 9, 2023). Because Plaintiff only sues the City of New York in this action, he cannot seek relief from individual business entities and the rules they unilaterally impose for their patrons.

Second, Plaintiff argues that future COVID-19 outbreaks may result in the heightening of restrictions, or the renewal of the Key to NYC program. (Pl. Opp. at 2.) "[A] defendant's voluntary cessation[2] of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (internal quotation marks and citation omitted). Instead, a plaintiff's challenge to a ceased practice will be rendered moot "if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Mhany Mgmt., Inc. v. Cnty. of Nassau, 819 F.3d 581, 603 (2d Cir. 2016) (quoting Granite State Outdoor Advert., Inc v. Town of Orange, 303 F.3d 450, 451 (2d Cir. 2002)). "A defendant satisfies its burden where it shows that the possibility of recurrence is merely 'speculative.'" Dark Storm Indus., 2021 WL 4538640, at *1 (citation omitted). Here, the City

---

[2] The City construes Plaintiff's opposition as raising the mootness exception for matters "'capable of repetition yet evading review.'" (Docket entry no. 28 ("Pl. Reply") at 2 (citation omitted).) This exception applies where "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Van Wie v. Pataki, 267 F.3d 109, 114 (2d Cir. 2001)(internal quotation marks and citation omitted). The Court believes that the voluntary cessation exception is more appropriate for consideration here based on Plaintiff's argument that the City terminated the program prior to resolution of this case but may choose to reinstitute it based on future conditions. That said, however, based on the City's arguments that the goals of the Key to NYC program have largely been met, and Plaintiff's failure to support his argument that future implementation of the program is likely, the Court concludes that neither exception to mootness applies. See, e.g., Remauro, 2022 WL 1525482, at *4 (finding the "speculative assertion of what defendants *could* do is not enough to satisfy the capable of repetition exception to mootness.")

argues that a reinstatement of the Key to NYC program is "not likely . . . because the goal it was intended to further has largely been met." (Def. Mem. at 9.) The City explains that vaccination levels have increased, as 99% of City residents aged 18-24 have received at least one dose of a COVID-19 vaccine, and only 3% of the adult population in the City remains unvaccinated, and severe illness resulting from COVID-19 has decreased. (Id.) The Court also recognizes that approximately ten months have passed since the expiration of the Key to NYC program's mandate as to patrons, and the City has not reimposed such mandate despite the ongoing existence of COVID-19 infections. See City of New York, Coronavirus (COVID-19) Vaccine Mandates, available at https://portal.311.nyc.gov/article/?kanumber=KA-03448 (last visited Jan. 9, 2023). Therefore, based on the City's proffered rationale, and Plaintiff's failure to provide support for his assertion that the same restrictions are likely to be imposed in the near term, the Court concludes that the City has met its burden of showing that reinstatement of the Key to NYC program is merely speculative at this juncture. See Dark Storm Indus., 2021 WL 4538640, at *1 (finding plaintiffs were not under a "constant threat" of restrictions and dismissing case as moot) (internal quotation marks and citation omitted); Clementine Co., 2022 WL 4096162, at *3 ("Given the fact that vaccination rates in New York City have now reached 96%, together with the change in administration and a continual reduction in COVID-19 rates in the City, the Court agrees that Defendants have shown that there is no reasonable expectation that the mandate will be reimposed[.]"); Boston Bit Labs, Inc. v. Baker, 11 F.4th 3, at *10 (1st Cir. Aug. 26, 2021) ("That the Governor has the power to issue executive orders cannot itself be enough to skirt mootness, because then no suit against the government would ever be moot.").

    Third, Plaintiff argues that his case is not moot because "[f]uture ramifications where [his] employment may be threatened" exist "because of [his] 'unvaccinated' status." (Pl. Opp. at 2.) As the City points out, however, Plaintiff has not alleged any facts in his Complaint

with regard to employment mandates imposed by the City. This argument, therefore, is wholly detached from Plaintiff's allegations, and it is well-settled that "a party cannot amend its pleadings through a brief[.]" Alaska Electrical Pension Fund v. Bank of Am. Corp., 306 F. Supp. 3d 610, 625 (S.D.N.Y. 2018); Fellows v. CitiMortgage, Inc., 710 F. Supp. 2d 385, 407 n.33 (S.D.N.Y. 2010) (same).

Because the Court concludes that Plaintiff's challenges to the Key to NYC program are moot,[3] the Court need not address the parties' arguments pursuant to Rule 12(b)(6) regarding failure to state a claim.

CONCLUSION

For the reasons discussed above, Plaintiff's claims are moot and Defendant's motion to dismiss the Complaint is granted in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1). In light of Plaintiff's pro se status and his reference in his opposition submission to possible employment issues raised by City policies and his unvaccinated status, the Court hereby grants Plaintiff permission to file an amended complaint setting forth any such claim, including factual allegations sufficient to demonstrate that he can state a cause of action upon which relief can be granted. Any amended complaint will supersede the original complaint in its entirety and therefore must include all allegations the Plaintiff wishes the Court to consider in connection with the new claim(s). The amended complaint must be filed with the Court

---

[3]  To the extent Plaintiff seeks the following relief – "[f]or natural immunity to be recognized as a 'superior' alternative to vaccinations" for COVID-19 (see Compl., Relief), the Court concludes that Plaintiff has failed to present a justiciable claim or controversy. Not only is Plaintiff's request for relief vague and unclear, it is also detached from the instant controversy against the City of New York as there is nothing to show that such "recognition" would provide the plaintiff with effective relief against the City in connection with any specific controversy.

within 45 days of the date of this Memorandum Order.[4]  Chambers will mail an Amended Complaint form to Plaintiff with a copy of this Memorandum Order.

        This Memorandum Order resolves docket entry no. 24.  The Clerk of Court is respectfully directed to hold this case open for 45 days, pending Plaintiff's timely filing of an amended complaint.

SO ORDERED.

Dated: January 9, 2023                   /s/ Laura Taylor Swain_____
   New York, New York             LAURA TAYLOR SWAIN
                                       Chief United States District Judge

**Mailed to:**
Michael Heyward
409 East 64th Street
Apt. 4D
New York, NY 10065

---

[4]    Plaintiff may wish to contact the New York Legal Assistance Group ("NYLAG"), an organization that provides free legal advice to self-represented parties in this Court. Chambers will mail a flyer from NYLAG to Plaintiff with a copy of this Memorandum Order.